*[Handwritten top left:]*
Alice Minch
16854 n. meadow RK Dr
Sun City AZ 85351
sunyAzecox.net

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF ARIZONA

*[Stamp: FILED RECEIVED JUL 03 2019 CLERK U S DISTRICT COURT DISTRICT OF ARIZONA BY ___ DEPUTY]*

Alice J Minch
Plaintiff,

VS

Randy Quinn,
Kathy Malloch,
Cecelia Andersen,
Katherine Busby,
Leslie Dalton,
Joel Feldman,
Lori Gutierrez,
M. Shawn Harrell,
Patricia Johnson,
Melanie Logue,
Carolyn J McCormies,
Hunter Perry,
Jana Machesky,
Melinda Preston,
Charleen L Snider,
Jo Elizabeth Ridenour,
Nikki Rae Austin,
Theresa (Terri) Berrigan,
Brandon Dale
Defendants.
Jointly and Severally, In Their Public and Individual Capacities.

Case No. CV-19-4650-PHX-SMB

CIVIL ACTION
42 U S C 1983
SHERMAN ACT

Page 1 of 15

## STATEMENT OF JURISDICTION

This action arises under the Sherman Act, Art 1, Sec. 10 U.S. Constitution ; 5th and 14th Amendment U.S. Constitution , and U.S.C 1983 . This courts Federal Question Jurisdiction is herein invoked .

## PARTIES

**PLAINTIFF:**   Alice J Minch
16854 N Meadow Park Drive
Sun City, AZ 85351
Sunyaz@cox.net
    (a) Was and is a citizen of this country , and State ;
    (b) Was a party in a business contract of servitude
     To be licensed to practice her profession in Arizona.
    And to be reasonably Regulated in her Professional capacity .

**DEFENDANTS** : Quinn , Malloch, Andersen, Busby, Dalton, Feldman, Gutierrez, Harrell, Johnson, Logue, McCormies , Perry, Machesky, Preston, Snider, Ridenour, Austin,  Berrigan, and  Dale.
1740 E Adams Street Ste 2000
Phoenix , AZ . 85007
    (a) Was and are  citizens of this country and a State in the United States.
    (b) Are or were State Officials employed as members and operations personnel of the Arizona State Board of Nursing (here after "AZBON") charged with administering the Nursing laws, rules and regulations of the State of Arizona. Furthermore , the Defendants are charged with making decisions leading up to and all final orders and decisions with no Arizona Government oversight.

## **STATEMENT OF FACTS**

**1)** Plaintiff is at all times relevant herein , was an individual residing in Arizona .

**2)** Defendants are at all times relevant herein are now or were residing in Arizona.

**3)** Defendants at all times relevant in their Public Capacity had represented the Arizona Arizona Board of Nursing , herein after "AZBON" .

**4)** This United States Court District of Arizona , is the proper venue for this action because the Defendants both reside in , during relevant times, and were doing business in Arizona where the Acts contained in this complaint were committed here in the State of Arizona .

**5)** Plaintiff applied for and was granted an Arizona License to practice Nursing in the State of Arizona for the benefit of its' citizens and Plaintiffs means of livelihood.

**6)** Plaintiff's said "license " to practice her professional trade constitutes a "contract of servitude " and has property rights .

**7)** (a) Plaintiff had served citizens across our country under various State Nursing licenses for over 25 years.  (b) Plaintiff's years of experience exceed most nurses in her profession.

**8)** The Arizona Statue's and Nurse  Practice Act authorizes the reasonable operation of regulation of Arizona's Nursing Licenses to be approved, denied, regulated , disciplined and revoked by the Arizona Board of Nursing (AZBON) .

**9)** The AZBON is comprised of Active Market Participants who dominate this Board .

**10)** The AZBON , being  comprised of the defendants , are also members of the Latter Day Saints (Mormons) (Hereafter  : "LDS" )  , who dominate this board .

**11)** The defendant's , operation / actions of regulating non- mormons licenses , such as the plaintiff's , are bias and unreasonable as compared to the mormon licensee in the same market .

## INITIAL COMPLAINT :

12) Yuma Regional Medical Center , (here in after "YRMC" ) , filed a retaliatory false complaint , a SLAPP Action on Plaintiff , Six (6) months after Plaintiff resigned.  This malicious complaint was filed with the AZBON.

13) The AZBON (defendants ) started an "investigation " of the above compliant , of which the investigation delved into Plaintiff's private life, as the primary issue was a residential domestic violence issue between two residents , on property owned by YRMC.

14) The AZBON (defendants ) "investigation" found Plaintiff prevailed in the Maricopa county court on this incident whereas P Bushey, was the aggressor and Plaintiff was the victim , entitling Plaintiff to relief.

15) The AZBON (defendants ) "Investigation " found

A) Plaintiff had past sibling rivalry , and found an elderly mentally unsound, mother in Florida . Further found, the siblings pitted against Plaintiff while living off the mother , to keep her hearing only their side and to remove Plaintiff from the estate .

B) The AZBON investigator , used this unfortunate situation to further discredit Plaintiff with false reports.

C) The AZBON used testimony of witnesses who Plaintiff by choice,  had no communication with them for years. They were 'witness ' to nothing concerning Plaintiff's nursing license.

16)A) The AZBON (defendants ) "Investigation" found that Plaintiff had exercised her First Amendment Free Speech Rights in conversing with like travel nurses about dangers at the border (YRMC border town) and an old rape case. Which occurred to a Nurse who worked at YRMC and resided in YRMC"s original housing complex .

B) The defendants failed to acknowledge the truth of this old rape case , and regulated Plaintiff's license for exercising her Free Speech.

C) This action is unreasonable regulation of licenses and exceeds expressed constitutional authority.

17)(a) The AZBON by and through defendant Ridenour  forced Plaintiff into Mental Health Evaluation for Professional Competency, under the threat of being held guilty of violating the NPA . If Plaintiff refused  to sign for an evaluation, Plaintiff would be charged with unprofessional conduct. (exhibit A) . Based on a "investigative report" that the investigator knew or should have known was false allegations.   This 'agreement " under duress of further charges  also contained a clause that the Plaintiff must sign at the Boards evaluators office that the evaluator   can talk to the AZBON on the phone,

Page 4 of 18

share all highly personal information , without a disclosure to release evaluator of HIPPA violations. Plaintiff was unaware that a professional agency would publicize highly confidential information.  The AZBON, put the fact an evaluation was ordered to determine 'safe to practice "on the world wide web , in their minutes, at public open meetings and in the monthly magazine that goes out to all peers , and shared copies with other agencies. The threat of charges being filed would follow if Plaintiff refused to sign her rights away to have medical information private and not comply with the AZBON order .
B )This action is unreasonable Regulation of Licenses , and exceeds expressed Legislative statue's.
18) (A) The AZBON (defendants ) upon their own authority (Sura Sponte) declared Plaintiff to be mentally incompetent or physically unsafe to a degree that is or might be harmful or dangerous to the health of a patient or the public ." (ARS 32-1663 and 1601 (18)(e) . B)  This declaration and label was placed on Plaintiff in spite of all mental health evaluations results being in a "normal range " , and no such diagnosis by any mental health professional .
C)this action is unreasonable regulation of licenses , and exceeds expressed legislative statue.
19) (A) Plaintiff was forced into "probation" by the Defendants order , as Plaintiff would not sign the Defendants  (plea deal ) Consent  Agreement .
b)the Defendants forced probation , included unreasonable and extreme conditions , of which included the potential of the probation to last indefinitely , as well as Forced Mental Health Treatment .
20) Plaintiff refused to be a participant in said forced Probation and counseling / treatment due to its unreasonableness , injustice, placing a stigma ,therefore  Plaintiff was in essence put out of work nationwide by such probation.
21)(A) Defendants chose to commence further , remove adverse actions against Plaintiff's license , for failing to abide by their order of probation (b)The defendants chose to apply a new case number to this , in an effort or dividing the case as a whole.
21c) The Defendants actions were in full wonton , intentionally done with malice, and with reckless disregard for the law, and Plaintiff's Professional and Private life.
22) Both AZBON (defendant's) case numbers 12A1109093 NUR and 16A1109093NUR are in fact the very same matter , facts, and parties , only a separate adverse proceedings. .

23) **THE INJURY :**   The Defendants published defaming statements which placed Plaintiff in an extremely bad light, and in turn caused multiple other States to take action with only the AZBON false statements by witnesses the defendants knew or should have known they were false . Thereby causing licenses held by Plaintiff in other states to be suspended or revoked.    Nationwide;   forcing Plaintiff out of the market and unemployable in her profession , ruining her life, livelihood , finances and reputation. As well as making her unemployable in many other areas by publicizing their falsehoods on the national data bank.   Plaintiff suffers from emotional distress , sleepless nights, PTSD, poverty, anxiousness, nihilistic, loss of identity, stress , anxiety, , fears and nightmares, body aches ,and  restlessness.

## CAUSE OF ACTION -ONE
## VIOLATION OF THE SHERMAN ACT, CODIFIED AT
## TITLE 15 U.S.C. 45
## LUCIA V SECURITIES AND EXCHANGE COMMISSION VS NORTH CAROLINA BOARD OF DENTAL EXAMINERS VS FEDERAL TRADE COMMISSION NO. 13-534
## 17-130 (U.S. SUPREME COURT 2018 )

**24)** Plaintiff incorporates paragraph 01-through 23 as though there were stated fully herein.

**25)** At all times relevant herein Defendants were acting under Color of State Law. Color of Office and guided by their private interests and agenda's.

**26) The** defendants Official Capacity was as agents of the State of Arizona, members and employees of the Arizona Board of Nursing.

**27)** The defendants violated plaintiff's right to reasonable and fair competition practices and policies , substantive due process and right to engage in commerce. Title 15, U.S.C. 45 .

28) The Defendant's who are AZBON members , Quinn, Malloch, Andersen, Busby, Dalton, Feldman, Gutierrez, Harrell, Johnson, Logue , McCormies , Perry, Machesky, Preston, Snider, Ridenour (Dir) , Berrigan, Dale, Andersen, Austin (assoc Dir) are an Active Market Participant Dominant Board regulating other Active Market Participants by and through the color of law and color of office and the vagueness of statute and codes to effect and impose their own personal agenda , causing other active market participants and Plaintiff to be their victims .

29) The majority of the Defendants also are on Active Market Participant LDS members .

30) Active oversight of the AZBON (Defendants ) Amendments, revisions, and new administrative codes is provided and required by the Office of the Governor .

31) The Attorney General Office is responsible for providing an Assistant Attorney to act as general Counsel for the Defendants in their public Capacity, who advise the Defendants (AZBON) what they can do legally.

32) The AZBON, (Defendants) have no active government oversight as to their actions such as :
    (A)   Investigations
    (B)   Grounds and decisions to mandate psychological evaluations
    (C)   Grounds and decisions to charge licensee's.
    (D)   Adverse administrative proceedings (including but not limited to Non - disclosure of discovery materials and evidence , brady evidence ) ;
    (E)   Forced Mental Health Treatment , in want of a Professional recommendation or diagnosis reflecting such a need;
    (F)   Publishing defaming information on Nationwide Data banks
    (G)   Substantiation of grounds for revocation , suspension and probation
    (H)   The unreasonable Oppressive multitude of terms and conditions upon the 1) licensee and 2) other State Boards, and 3) employers in their orders of probation.

33) The AZBON (Defendants) have Independent Reign over this nursing and health market, and it's participants and consumers , to conduct all the above actions , orders and defamation without active oversight and restraint by either executive or legislative branch.

34) The AZBON (defendants) unreasonably and adversely regulated Plaintiff's Professional Nursing license for :

A) A unsubstantiated , unsworn complaint by a third party's hearsay statements , with motive to lie, as risk manager, written 6 months after plaintiff's employment had ended, written by Yuma Regional Medical Center ("YRMC'S) general Counsel , and filed with the AZBON (defendants) who started an "investigation."

B) A domestic violence matter which was caused by a male non-employee unemployed resident living in employee housing owned by Yuma Regional Medical Center here after " YRMC", who was stalking, harassing and involving others, to gang up on Plaintiff. This man was a nurses resident's guest in the same apartment unit. Petitioner was a Victim of Domestic Violence, and not operating under the AZBON's State License at this time. Directly violated the Boards sole existence, Legislative Intent, Administrative Code, to "protect the public ' they went after this Plaintiff as prey.

C) Plaintiff retold a true event which had occurred to a Nurse who worked at Yuma Regional Medical Center, "YRMC', and resided in housing owned by YRMC. This Nurse was the victim of rape, this retold event was communicated by Plaintiff to a party on the internet on a travel nurse website. First Amendment U.S. Constitution.
Plaintiff was unreasonably and adversely regulated for this.

(d) After a psychological evaluation, by an evaluator on the boards "approved" list, he found no degree of mental incompetency nor probability to harm any patient or public: the AZBON (defendants) Sua Sponte diagnosed Plaintiff as Mentally Incompetent to a degree that may harm a patient or public using the AZ Nurse Practice Act A R S 32-1601 (18)(e) and 1663 (d). This act mandates the finding of Mental Incompetence in some degree prior the application of this regulation upon a licensee. Plaintiff was unreasonably and adversely regulated for this.

(e) The AZBON (Defendants) forced Plaintiff into mandatory probation with extreme and unreasonable conditions and forced Mental Health Treatment as a condition to maintaining her professional Nursing License and employability, State and Nationwide, even in non nursing occupations. Plaintiff is prejudiced and injured based on the AZ BON actions, and has been nationally defamed.

F) Plaintiff refused to abide by the defendants immoral , unreasonable and unjust order.   Plaintiff was adversely and Unreasonably regulated for not following Defendants order and Plaintiff did not agree to any of it and engaged in the appeals process.

35) Defendants inflicted their final blow / final adverse and unreasonable action on 7/22/2016 , by revoking Plaintiff's AZ Professional Nursing License causing Nationwide defamation , of Plaintiff's reputation , character, employability / participation in this area of commerce as a Active Market Participant .

36) The defendants actions are actual and proximate cause of Plaintiff's injuries.

37) Plaintiff's injuries are loss of employment , finances, mental distress, loss of reputation / damage to reputation and professional Image.  Loss of employability as a Professional Healthcare provider  nationwide.

38) Jo Elizabeth Ridenour  is the respondent Superior who is responsible for the AZBON's defendants actions as the Director of the Board of Nursing.

39) Wherefore , Plaintiff prays for judgement against defendants for the above described injuries and losses as described below.

## CAUSE OF ACTION -TWO
### Invasion of privacy alternatively , private nuisance
### NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS VS FEDERAL TRADE COMMISSION  NO. 13-534

40) Plaintiff incorporates paragraph 01 through 23 as through they were stated fully herein.

41) At all times relevant herein, Defendants were acting under color of State law, Color of Office, and guided by their private interests and agendas.

42) The Defendants Official Capacity is Agents of the State of Arizona , Members, and Employees of the Arizona Board of Nursing.

43) The defendants ; unreasonably interfered with Plaintiff's "property interests " Liberty Interests . by the unreasonably and irrationally intruding into Plaintiff's private life / private capacity . To use as a cause for regulating Plaintiff's license .

44) The Defendants unreasonably exercised their discretion powers to adversely Regulate Plaintiff's license by:
    a) Exceeding their Jurisdictional Enforcement Powers, ie interfering with / regulating Plaintiff's Private Capacity/ Life's actions 'events of being a "victim" of Domestic Violence ; A private Matter between residents.
    b) Defendants intentional actions , deliberately twisted the above incident into Plaintiff being represented as an unreasonable aggressor , in spite of a Judge's decree, violating Fundamental Public Policy that Victims of Domestic Violence IE stalking are to be shielded from government intrusion into these private matters , unless it is to prosecute a criminal . Such intrusion is irrational and wholly arbitrary.
    c) The defendants unreasonably exercised their discretionary powers to adversely regulate Plaintiffs license by : 1) The defendants intrusive investigations and adverse proceedings of "Investigating" and acquiring untrue testimony from Plaintiff's elderly mother , on matters of private family nature , completely unrelated to any Professional Activity or regulating action, are a unreasonable intrusion.   Invasion of Privacy.   This lacked any rational justification .
    d) The defendant's intentional actions violate Fundamental Public policy that invasion into Private Family Matters are irrational and wholly arbitrary when not relevant to prove a material fact of the charge.

46) The defendants unreasonably exercised their discretionary powers to adversely regulate Plaintiff's license by :

The defendants intrusive investigation / forced order for a psychological evaluation (which the results rendered reflecting all test results were in the normal or average range and NO diagnosis of "mental incompetence " in any degree that may affect a patient or public. followed by the defendants Sura Sponte decree that Petitioner violated the nurses / practice act by being "mentally incompetent " to a degree that may harm patient or public followed by the Defendants regulating Plaintiffs license with Forced Probation and Mental Health treatment . Defendants actions lacked Foundation and any rational justification; This also lacked the statutory mandatory prerequisites for regulator action, which are a diagnosis of the petitioner being "mentally incompetent " and to "a degree' that would harm another person.

The defendant's intentional actions violated Fundamental Public Policy that invasion into a person's private mental health matters, without due cause and forcing mental health treatments upon a person without due cause. (Diagnose of such a need) is irrational and wholly arbitrary . This is unreasonable invasion of privacy.

The defendants unreasonably exercised their discretionary powers to adversely regulate Plaintiffs license by :

1) Intrusive investigation and adversely regulating Plaintiffs license for the retelling of a true rape case on the internet , in conversation with another person. A) This is a matter which is a Free Speech Right , First Amendment U.S. Constitution. Hence Government intrusion and regulation of such private life matters of speech with another person is strictly forbidden.

The Defendant's intentional actions violate Fundamental Public Policy that invasion into private life matters are irrational by wholly arbitrary and any regulation on Constitutional rights are forbidden.

C) Defendants Publicized this above false information on Plaintiff, placing Plaintiff in False LIght , utterly destroying her private and professional reputation  REST . 2 d 652 E Also see : IN Time Inc, V .Hill 385, U.S> 374 (1967 ) .  The Defendants ensured their untrue statements were being Published continually , Daily to the Public , AZBON web page, and other boards of nursing Plaintiff licensed in and via the National Data Bank.

47)  the above points illustrate the defendants intrusion into Plaintiff's Privacy was unreasonable and substantial , creating an Invasion of Privacy or in the alternative a Private Nuisance .  Plaintiff had a right to be left alone in her 1)private family matters 2)traumatized victim matter 3)private mental health matters, 4) matters of Free Speech with other citizens.

48) The injury that issued is that Plaintiff professional license as a healthcare  Professional , was ultimately revoked in 2016 , founded upon these above invasion of privacies and nuisances .   Subsequently, multiple states nationwide also suspended or revoked Plaintiff's licenses , all solely basing their revoking /suspending licenses  upon the AZ BON'S / Defendants actions and decrees.

49) The defendant above actions are actual and proximate cause of plaintiff's injuries.

50)Plaintiff's Injuries are loss of employability in her trade  , mental distress, inflicted fiscal difficulty, loss of reputation and professional image.  All injuries here have had a nationwide impact both present and future on Plaintiff .

   A) Wherefore Plaintiff prays for judgement against defendants for the above described injuries and losses , as described below.

## **CAUSE OF ACTION -THREE**
### Negligence Per Se

51) Plaintiff incorporates paragraphs 01  as though 23 and 39 though 46 as thought they were stated fully herein.

52) Plaintiff had a viable  Constitutional SafeGuard in effect at the time of the injury , which is the Free Speech clause of the U.S. Constitution .  Plaintiff was and is entitled to its protection.

53) Defendants had a Public and Private Duty to protect and Honor Plaintiff's right to Free Speech.

54) Defendants violated this  Constitutional SafeGuard , First Amendment U.S. Constitution by forbidding and penalizing Plaintiff's exercise of Free Speech with another citizen.

55) Defendant's violation was actual and proximate cause of Plaintiff's injuries .

56) The First Amendment was created to Safeguard all U.S. citizens Free Speech from government intrusion , restrictions and penalizing , and applies to all citizens including plaintiff.

## CAUSE OF ACTION -FOUR
## NEGLIGENCE PER SE

**57) Plaintiff incorporates paragraphs 01 through 23 and 39 through 46 as though they were state fully herein.**

Plaintiff had a viable Statuary Safe Guard in effect at the time of the injury , which contains Mandatory Prerequisite Elements which must be found and established as fact prior to any regulation of Nursing Licenses . See ARS 32-1601 (18)(e) 1663 (d)
These mandatory prerequisites are :
   1) A diagnosis of "MENTAL INCOMPETENCE " and
   2) A diagnosis of mental Incompetence to a "degree that many harm a patient or public ."

58) Defendants had a Public and Private Duty to protect and honor Plaintiff's right to be free from prosecution/ regulation whereas the Mandatory Prerequisite Elements do not exist , as per the Mental Health Examiner Expert Witness Trained Psychologist.

59) Defendants violation was actual and proximate cause of Plaintiff's injuries .

60) The Arizona Legislature created A . R . S.  32  The Nurse Practice Act codified to be a safeguard for all Arizona Citizens , patients as  { well as Practitioners alike .}   Plaintiff is in this protected class. Where for Plaintiff prays for judgement against Defendants for the above described injuries and losses as described below.

## CAUSE OF ACTION -FIVE
## TRESPASS TO CHATTEL AND / OR UNREASONABLE REMOVAL OF PROPERTY

61) Plaintiff incorporates paragraphs 01 through 58 as though they were stated fully herein.

62) In 1992 Plaintiff entered a Contract of Servitude with the State of Arizona, the State was represented by the AZBON Defendants who agreed to enter contract for this contract of servitudes issuance of a State license to practice Nursing / health care within the State of Arizona.

63) It is 'well settled tenent of law that a "license ' to perform a service is "property ' and subject to "liberty interests " , and applicable property rights as well as contractual rights .

64) The Arizona Legislature had established the Nurse Practice Act which is codified in AZ Statues of ARS 32 which provides for the safety and health of all AZ Citizens and Practitioner's / providers alike . These Statues also provide for the potential violations , suspensions and revocations of licenses . Plaintiff is not only in this class of protected person but is also in contract whereas these statues serve as "terms and Conditions " on her contract of servitude in holding her license .

65) Plaintiff has Article 1 , section 10 U.S.Constitutional Contract rights and Rest 3d Property Rights at issue in this claim .

66) Defendants intentionally and unreasonably exercised their discretionary power by :

1) Their application and regulation of ARS 32-1601 (18)(c)and 1663 (d) absent the Mandatory Prerequisite of a diagnosis of being mentally incompetent by a Doctor qualified to make this diagnosis, in any degree ; and 2) their application and regulation of the "unprofessional conduct " clauses for penalizing / regulating Plaintiff's license bases upon Plaintiff's exercise of her Free Speech Right to retell a true event to another citizen.

67) Defendants intended to interfere or deprive, ultiminently depriving, petitioner the full use of her license / property . These actions not only violated AZ Statues , the Terms and Conditions of the contract , the First Amendment U.S. Constitution but also constitute unreasonable irrational and / or wholly arbitrary acts .

68) Plaintiff had not contracted or consented to such adverse intrusive action.

69) Defendants ultimately revoked Plaintiff's license resulting in Plaintiff suffering loss of employment in her profession, Mental distress, Inflicted Financial problems, Loss of reputation, and Professional Image, time and costs taken up years of her life .

70) Wherefore , Plaintiff prays for judgement against defendants for the above described injuries and loss , as described below.

## RELIEF REQUESTED

A) For her special and compensatory damages.
B) For her exemplary and punitive damages . For her lost wages and presumed damages.
C) For her Property damage and Emotional Distress .
D) For all costs fines, fees, charges, paralegal fees , attorney fees, expenses , incurred herein .
E) 1)Restore Plaintiff's nursing license to "in good standing ", send to National Practitioner Data Bank , there was no violation of the NPA , and to restore licenses to Plaintiff and a copy to all other State Boards. Rescind the revocation of Plaintiff's license .

   2) A reinstatement of Plaintiff's AZ license , to its original status.

   3)Am expungement of the Defendants matters 16A-1109093NUR, December 12, 2013 matter and final matter under same number.

G) Published in the AZ Nursing Boards magazine that was sent to every AZ licensed nurse, cna, Np every issue for a year, that the AZ BON made a mistake and that Alice Minch 's license is in good standing and the AZBON should have never filed notice of charges, or ordered psych evaluation, and what steps have been taken this never happens to a nurse again.

H) Notify each and every state that Plaintiff Minch held a license in that the license was sanctioned by the AZBON in error and to make Plaintiff license in every state in good standing as it was prior to the AZBON gross misconduct.

DATED this __8__ day of __JULY__ 2019

_____
Alice Minch, PLAINTIFF, PRO SE