**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alice Minch, <br>     Plaintiff, <br> v. <br> Randy Quinn, *et al.*, <br>     Defendants. | No. CV-19-04650-PHX-JJT <br><br> **ORDER** |

At issue is *pro se* Plaintiff Alice Minch's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff fails to state a plausible claim on which this Court may grant relief.

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### C. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

In 2017, Plaintiff filed a prior lawsuit against the same Defendants listed in the Complaint in this lawsuit based on the same factual allegations. In the earlier suit, Plaintiff first raised a Title VII claim and—after the Court's dismissal of that claim—Plaintiff amended the Complaint to raise a claim under 42 U.S.C. § 1983. (Case No. CV-17-02525-PHX-JJT, Docs. 1, 6, 9, 10, 13, 14.) The Court dismissed Plaintiff's § 1983 claim because Defendants, as members of a state medical licensing board, enjoy immunity from Plaintiff's claim. (Case No. CV-17-02525-PHX-JJT, Doc. 14.)

In her present Complaint, Plaintiff reframes her claim as new claims under the Sherman Act and for state common law invasion of privacy, negligence per se, and trespass to chattel. (Doc. 1.) Plaintiff again brings these claims against individual members of the Arizona State Board of Nursing based on the Board's decision to suspend, and later revoke, Plaintiff's nursing license following a series of administrative hearings. Plaintiff alleges that a religious bias influenced the Board's decisions and findings against her. After the Board issued those findings and its ultimate decision, Plaintiff challenged the Board's determination in both the Maricopa County Superior Court and the Arizona Court of Appeals, each of which upheld the Board's determination. *See Minch v. Ariz. State Bd. of Nursing*, 2017 WL 2125723 (Ariz. Ct. App. May 16, 2017).

To begin with, Plaintiff has not even begun to state a Sherman Act antitrust claim against Defendants, nor could she. Plaintiff alleges no antitrust behavior and, of course, the alleged conduct of individual members of the Board in revoking Plaintiff's nursing license is not the type of conduct the nation's antitrust laws were enacted to prevent. Because this federal law claim is the only basis for the Court's subject matter jurisdiction in this case, the Court will dismiss the remaining state law claims for lack of jurisdiction.

Even if the Court had jurisdiction over those claims, they suffer from myriad fatal flaws, of which the Court will outline just one. The Court only has jurisdiction over claims against Arizona's state employees—including members of the Board—for employment conduct if (1) Arizona has expressly waived its Eleventh Amendment sovereign immunity

from, or otherwise consented to, suit, or (2) Congress has enacted a statute that explicitly abrogates the state's sovereign immunity. *See Broughton Lumber Co. v. Columbia R. Gorge Comm'n*, 975 F.2d 616, 619 (9th Cir. 1992). Congress has not abrogated Arizona's sovereign immunity from state common law claims, and Arizona has a statute that specifically and expressly retains absolute immunity from all suits for actions taken by its employees in regulating a profession. *See* A.R.S. § 12-820.01. As a result, Plaintiff has not—and cannot—raise Arizona common law claims against Defendants.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Because Plaintiff has no Sherman Act claim against Defendants, the Court lacks subject matter jurisdiction over Plaintiff's state law claims, and in any event Defendants are immune from suit for the acts alleged by Plaintiff, Plaintiff's Complaint cannot be cured by amendment.

**IT IS THEREFORE ORDERED** granting Plaintiff Alice Minch's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 25th day of July, 2019.

Honorable John J. Tuchi
United States District Judge