**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alice Minch, | No. CV-19-04650-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Randy Quinn, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Alice Minch's Motion for Relief from Order (Doc. 9), in which Plaintiff asks the Court to reconsider its prior Order (Doc. 7) dismissing Plaintiff's claims with prejudice. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Here, Plaintiff argues that the Court erred by dismissing her Sherman Act claim under *North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 135 S. Ct. 1101 (2015). In that case, the Federal Trade Commission (FTC) brought an administrative complaint against a state board regulating the practice of dentistry, alleging that the board's "concerted action to exclude nondentists from the market for teeth whitening services . . . constituted an anticompetitive and unfair method of competition." *Id.* at 1108–09. By contrast, Plaintiff alleges that a religious bias influenced the Arizona State Board of Nursing's decision to suspend, and later revoke, her nursing license following a series of administrative hearings. As the Court stated in its prior Order, these alleged actions are not the type of conduct the nation's antitrust laws were enacted to prevent. That is, Plaintiff's allegations do not go to <u>anticompetitive</u> actions by the Board, which distinguishes Plaintiff's case from *North Carolina State Board of Dental Examiners*.

A Sherman Act claim requires that the conduct alleged restrain trade or competition. *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012). Put in terms of standing to bring a Sherman Act claim, while Plaintiff alleges she has suffered an injury due to the Board's actions, Plaintiff's allegations are not sufficient to plausibly show that her injury is the result of anticompetitive conduct on the part of the Board. *See Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1443–44 (9th Cir. 1995) (noting that "the mere presence of a *per se* violation under Sherman Act § 1 does not by itself bestow on any plaintiff a private right of action for damages," and a plaintiff "must prove that his injury flows from the *anticompetitive* aspect of defendant's conduct"). Accordingly, the Court properly dismissed Plaintiff's Sherman Act claim.

**IT IS THEREFORE ORDERED** denying Plaintiff Alice Minch's Motion for Relief from Order (Doc. 9). Plaintiff's claims remain dismissed and this case remains closed.

Dated this 7th day of August, 2019.

Honorable John J. Tuchi
United States District Judge